**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00259-CR**

_____

**EDASKERLON DINAYE REED, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-05040 CR**

**MEMORANDUM OPINION**

In this appeal, Edaskerlon Dinaye Reed[1] complains the trial court erred by allowing a witness to testify after hearing others testify despite the court's ruling to exclude witnesses from the courtroom. *See* Tex. R. Evid. 614; Tex. Code Crim. Proc. Ann. art. 36.05 (West 2007). Because allowing the witness to testify is not

_____

[1]The clerk's record reflects that Reed is also known as Edaskerlon Reed, Dinaye Reed, and Dinaye Reed Edaskerlon.

1

shown to have affected Reed's substantial rights to a fair trial, we affirm the trial court's judgment.

Before the jury heard any evidence, Reed's defense counsel asked that the trial court exclude all witnesses from the courtroom; in response, the trial court instructed all witnesses who were not testifying at that time to remain outside of the courtroom and not listen to other testimony in the case. At that point, the State had only two of its witnesses in the courtroom; the witness who would subsequently violate the trial court's ruling was not present.

The State's fourth witness was J.B., a forensic scientist at the Sam Houston Regional Crime Laboratory. When the State called J.B. to testify, Reed's defense counsel asked the trial court to exclude her testimony because she had been in the courtroom in violation of the trial court's ruling. The prosecutor acknowledged that he was at fault, but indicated that he did not know J.B. was present because he did not know what she looked like. The prosecutor also indicated that J.B.'s testimony related solely to identifying the type and weight of the drugs at issue in the case. The trial court, noting that J.B. was an expert and not a fact witness, allowed J.B. to testify. At the conclusion of the guilt phase, the jury found that Reed was guilty of the offense of possession with the intent to deliver or manufacture cocaine. *See* Tex. Health & Safety Code Ann. § 481.112(b) (West 2010).

2

In a single issue, Reed argues the trial court should have excluded J.B.'s testimony under Rule 614 of the Texas Rules of Evidence and under article 36.05 of the Texas Code of Criminal Procedure. Rule 614, commonly known as "the Rule," provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]" Tex. R. Evid. 614. The Code of Criminal Procedure also instructs that witnesses who the trial court has excluded from the courtroom "shall [not] be allowed to hear any testimony in the case." Tex. Code Crim. Proc. Ann. art. 36.05. The purpose of excluding witnesses from the courtroom during trial "is to prevent the testimony of one witness from influencing the testimony of another, consciously or not." *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005).

The State acknowledges that J.B. was present in the courtroom in violation of the trial court's ruling, but argues that the trial court's decision to allow J.B. to testify remained discretionary. *See Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996) (holding that a trial court did not abuse its discretion by allowing a witness who had violated the Rule to testify).

Neither Rule 614 nor article 36.05 indicate how the trial court should remedy a violation of the Rule. Moreover, Rule 614 is an evidentiary rule, and even if it was violated, a violation of a rule of evidence is generally considered to

3

be non-constitutional error; consequently, a complaint concerning Rule 614 is to be "disregarded unless it affected the appellant's substantial rights." *See Russell*, 155 S.W.3d at 181 (citing Tex. R. App. P. 44.2(b)). "A substantial right is affected 'when the error has a substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 179. (quoting *Simpson v. State*, 119 S.W.3d 262, 266 (Tex. Crim. App. 2003)).

In assessing whether Reed was harmed because J.B. testified in violation of the Rule, we consider whether J.B. "was influenced in [her] testimony by the testimony [she] heard." *Id*. at 181. The record is not clear regarding when J.B. entered the courtroom. Even if we assume she was present when the State's first three witnesses testified, J.B.'s testimony, unlike the testimony of the other witnesses, concerns her testing and weighing of the drugs she received in an envelope from the Conroe Police Department and her reported findings that the substance was cocaine weighing .87 grams. During J.B.'s testimony, the trial court admitted J.B.'s March 8, 2011 report that states the envelope contained cocaine weighing .87 grams. We note that the findings in J.B.'s March 2011 report are consistent with her testimony at Reed's trial.

The testimony of the State's other witnesses concerned Reed's sale of cocaine and where the sale occurred. The State's first witness testified about a map

that was introduced to show that Reed's home was within one thousand feet of a park. The testimony of the State's second witness, a confidential informant, pertained to the purchase of the cocaine from Reed; subsequently, the confidential informant gave the drugs to the police. Detective Sauceda, the State's third witness, testified about the overall investigation and how he, as lead detective, used a confidential informant to obtain the cocaine and to identify Reed as the person who sold the confidential informant cocaine. While Sauceda did testify that he weighed the drugs using a "pocket scale," he explained that he had not used a finely-tuned scientific instrument. The weight that Detective Sauceda obtained was 1.120 grams, but Sauceda explained that the weight he obtained using his scale was not the "official weight[.]" The testimony of the State's expert, J.B., related solely to the weight and identity of the substance she obtained from the police. Therefore, the record does not show that J.B.'s testimony was influenced by the testimony of the State's expert witnesses.

We conclude that the record does not show that J.B. was influenced by any testimony she may have heard from the State's other witnesses. *See Russell*, 155 S.W.3d at 181. We hold that if the trial court erred in allowing J.B. to testify, the error, if any, did not have a substantial and injurious effect or influence in determining the jury's verdict. *See id* at 179. Because the admission of J.B.'s

5

testimony has not been shown to have affected any of Reed's substantial rights, Rule 44.2(b) requires that it be disregarded. *See id.* Accordingly, we overrule Reed's sole appellate issue and affirm the trial court's judgment.

      AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 1, 2013
Opinion Delivered June 12, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

6